IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY HALL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00460 |
| | ) | |
| v. | ) | |
| | ) | |
| AMONETTE, Chief Physician, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Anthony Hall was a Virginia inmate proceeding *pro se* at the time he filed this civil rights action pursuant to 42 U.S.C. § 1983. He has since been released from custody. Although Hall's complaint initially named two defendants, one of them—Dr. Kaczynski—was dismissed after Hall failed to provide sufficient information to locate her so that she could be served. The remaining defendant is Mark Amonette, who is the Chief Physician for the Virginia Department of Corrections ("VDOC"). Hall's complaint names Dr. Amonette in both his individual and official capacities and alleges that Dr. Amonette violated his Eighth and Fourteenth Amendment rights, "breach[ed] his contract obligations, [and] fail[ed] to provide [Hall] a health service agent to deliver prompt adequate medical treatment to [his] serious need." Compl. at 4, ECF No. 1.

Dr. Amonette filed a motion to dismiss, ECF No. 28, which is fully briefed and ripe for disposition.[1] Upon consideration of the parties' arguments and the entire record, the court concludes that Hall's amended complaint fails to state a valid constitutional claim against Dr. Amonette. For this reason, discussed in more detail herein, the court will grant the motion to dismiss.

---

[1] Dr. Amonette filed his motion when the case was still pending before the United States District Court for the Eastern District of Virginia, where it was originally filed. In an early response, Hall indicated that he did not receive a copy of the motion, although he later filed a response. The court recently sent him copies of the motion and supporting memorandum and gave him an opportunity to file any supplemental response. ECF No. 51. Hall has not filed anything else and the deadline for doing so has passed.

## I. BACKGROUND

Hall's original complaint, ECF No. 1, does not contain any factual allegations. It simply names Drs. Amonette and Kaczynski and lists the claims Hall is asserting. In a later-filed document, titled by Hall as a supplemental complaint, ECF No. 7, he sets forth a number of factual allegations and details concerning medical treatment provided to him both by medical personnel inside Augusta Correctional Center ("ACC"), where he was housed at all relevant times, and by an outside physician. As noted by Dr. Amonette, the complaint alleges actions or omissions by certain healthcare providers, but those individuals were not included as defendants in this lawsuit.[2]

By way of example, Hall's complaint includes the following allegations:

- he had a scalp infection that was not responding to treatment and medications designed to treat it were stopped on April 16, 2019;

- Head Nurse Dameron placed him in a suicide segregation cell in the infirmary after he returned from an outside surgery performed by Dr. Stisser, because there was no bed space in the medical infirmary;

- Dr. Kyle Smith discharged him from the medical facility and returned him to general population before Hall was ready to be in general population;

- Hall complained to Unit Manager T. Back and Assistant Warden M. Grant that his health and safety were in jeopardy by being in general population with a catheter; and

- The catheter was attached to him longer than Dr. Stisser recommended because Nurse Sheet failed to timely schedule his appointment for its removal.

*See generally* ECF No. 7. Notably, neither the complaint nor the supplemental complaint contains any allegations concerning any action or inaction by Dr. Amonette personally.

In his opposition to the motion to dismiss, Hall includes some additional allegations (primarily a "retaliatory comment" allegedly made by Dr. Smith), and he also attaches a number

---
[2] Hall filed separate lawsuits against three of the individuals mentioned: (1) Dr. Stisser, an outside physician who performed prostate surgery on him in conjunction with his diagnosis of prostate cancer, *see Hall v. Stisser*, No. 7:19-cv-00870 (W.D. Va.); (2) D. Dameron, the "head nurse" at ACC, *see Hall v. Dameron*, 7:19-cv-00869 (W.D. Va.); and (3) Dr. Kyle Smith, an ACC physician, *see Hall v. Smith*, No. 7:20-cv-00171 (W.D. Va.).

of grievance documents to his opposition. But none of his factual allegations relate to Dr. Amonette, and none of the grievances appear to be signed by Dr. Amonette. Instead, in a section titled "Defendant[']s involvement, Hall simply repeats his assertions that Dr. Amonette "oversee[s] offenders health services" and that he "breached[ed] his contract obligations, [by] fail[ing] to deliver adequate medical care services.

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[3] To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B. Official-Capacity Claims

Dr. Amonette first moves for dismissal of all official-capacity claims against him. ECF No. 26 at 4. The court will grant that relief because Hall may not obtain money damages from Amonette in his official capacity under § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

---

[3] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

71 (1989), and the Eleventh Amendment prohibits federal courts from considering claims for damages against defendants in their official capacities. *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). While a plaintiff may seek prospective injunctive relief against state defendants in their official capacities, *id.*, Hall has already been released from VDOC custody and any request for prospective injunctive relief is moot.

For these reasons, all official-capacity claims against Dr. Amonette will be dismissed.

## C. Eighth Amendment Claim

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). To qualify as deliberate indifference, the defendant's conduct "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.

4

Moreover, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

As noted in the background section of this opinion, Hall has not alleged any facts to show that Dr. Amonette was personally involved in any violation of his rights. Indeed, he does not allege any facts at all about Dr. Amonette, let alone any that indicate that Dr. Amonette knew of a serious medical need of Hall's and disregarded it. All of Hall's individual-capacity claims against Dr. Amonette fail for this reason.

Furthermore, to the extent that Hall's complaint can be construed as attempting to hold Amonette liable through supervisory liability, he has failed to allege facts that plausibly establish such liability. To do so, Hall must allege facts sufficient to show (1) that the defendant "had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) that the defendant's "response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) that there was an "affirmative causal link" between the defendant's conduct and plaintiff's "particular constitutional injury." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

In stark contrast to these requirements, Hall does not allege that Dr. Amonette knew

anything about Hall's medical conditions or treatments. Nor does Hall allege any facts to suggest that Dr. Amonette should have known Hall's medical treatment—or any other inmate's medical treatment—was inadequate or that any of Hall's medical providers was engaged in conduct likely to violate an inmate's Eighth Amendment rights. Hall merely states that Amonette had some unspecified contractual duty to ensure that Hall had adequate health care providers. This is insufficient to state a claim against him under a supervisory liability theory.

For all of these reasons, Hall has failed to plausibly allege a violation of his Eighth Amendment rights by Dr. Amonette, and the individual-capacity claims must be dismissed.

C. **Fourteenth Amendment Claim**

Hall's complaint also references that Fourteenth Amendment, and his supplemental claim states in conclusory terms that his equal protection rights have been violated. The Fourteenth Amendment is applicable here only in that it makes the Eighth Amendment applicable to the States. *Gordon*, 937 F.3d 348, 356 n.11 (4th Cir. 2019). But Hall has not alleged facts sufficient to state a violation of the Fourteenth Amendment's Equal Protection Clause,[4] which requires—at a minimum—that he "demonstrate that he has been treated differently from others with whom he is similarly situated." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Hall does not allege any other similarly situated inmate who has been treated differently. Thus, he has failed to state any claim under the Equal Protection Clause of the Fourteenth Amendment.

---

[4] The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

## III. CONCLUSION

For the reasons discussed above, Dr. Amonette's motion to dismiss will be granted.[5] An appropriate order will be entered.

It is so **ORDERED.**

ENTER: July 6, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.07.06 10:44:29
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] To the extent that Hall's amended complaint can be interpreted as asserting any related state-law claims, the court declines to exercise jurisdiction over them in light of the dismissal of his federal claims. *See* 28 U.S.C. § 1367(c)(3).